# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy Venancia Xitumul Reyes, | No. CV-26-01777-PHX-RM (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Motion to Enforce Petition for Habeas Corpus. (Doc. 10.)  For the following reasons, the Court will grant the Motion and order Petitioner's immediate release.

## I.   Background

Petitioner initiated this 28 U.S.C. § 2241 action on March 16, 2026. (Doc. 1.) On March 26, 2026, the Court granted Petitioner's Petition and ordered that Petitioner either be released or provided a bond redetermination hearing within seven days. (Doc. 7.) Petitioner received a bond redetermination hearing on April 1, 2026. (Doc. 9.) The immigration judge denied bond on the basis that Petitioner was a flight risk, and determined that no amount of bond could secure Petitioner's appearance at future immigration-related proceedings. (Doc. 10 at 2.)

On April 21, 2026, Petitioner filed the currently pending Motion to Enforce Petition for Habeas Corpus, in which Petitioner argues that the immigration judge who conducted Petitioner's bond redetermination hearing abused her discretion by denying bond, and that

the denial of bond is a mixed question of law and fact subject to this Court's review. (Doc. 10 at 4, 8-9.) Petitioners submit that the immigration judge's focus was on the ultimate merits of Petitioner's asylum claim rather than Petitioner's likelihood of being a flight risk, and that the immigration judge incorrectly ignored strong evidence of Petitioner's community ties. (*Id.*) In the Motion, Petitioner seeks release from custody. (*Id.*) On April 24, 2026, the Court ordered Respondents to respond to the Motion and to provide either a transcript or a recording of the April 1, 2026 bond hearing. (Doc. 12.) Respondents have provided a recording of the bond hearing to the Court (Doc. 13), and the Court has reviewed it.

In their Response to the Motion, Respondents argue that this Court "cannot review an Immigration Judge's bond decisions in the absence of either a constitutional claim or a question of law," and that the immigration judge applied the correct legal standard and fully evaluated the facts presented during the bond redetermination hearing. (Doc. 14 at 2-3.) In Reply, Petitioner reasserts that paramount to the immigration judge's decision was Petitioner's counsel's inability to quickly articulate the merits of Petitioner's asylum claim, and that evidence of Petitioner's community ties were ignored. (Doc. 15.)

## II.    Discussion

An immigration judge's discretionary bond determination is typically not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). However, the Court retains jurisdiction to review constitutional claims and questions of law, including mixed questions of law and fact, and an immigration judge's application of the standard for determining dangerousness and flight risk is a mixed question of law and fact reviewable for abuse of discretion. *Martinez v. Clark*, 124 F.4th 775, 781-785 (9th Cir. 2024) (holding that application of the dangerousness standard is a reviewable mixed question of law and fact, and noting that the same standard applies to assessing flight risk).

The abuse-of-discretion standard of review limits the Court to evaluating whether the immigration judge "'correctly applied the statutory standard to a given set of facts.'" *Id.* at 783 (quoting *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)).  Accordingly, while the Court may consider whether the immigration judge properly considered the factors for determining dangerousness and flight risk, the Court cannot reweigh the evidence.  *Id.* at 785.   In evaluating dangerousness and flight risk, an immigration judge weighs nine factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* at 783 (quoting *In re Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)).

Here, the Court concludes that the immigration judge did not properly consider the factors for determining whether Petitioner was a flight risk. The immigration judge did not state at any point that she was considering the *Guerra* factors—whether by that name or by any other description—and instead repeatedly questioned Petitioner's counsel regarding the merits of Petitioner's asylum claim. Indeed, after counsel described Petitioner's lack of criminal history, two young children (one of whom is a U.S. citizen), stable employment, work as a chaplain, fixed residence, and U.S. citizen sponsor, the immigration judge asked about the relief sought in Petitioner's removal proceedings and stated "[t]his case, without a criminal history and with all the positives you listed, *turns entirely* on whether relief could possibly be granted to her. That's really the only issue at this point." (Bond Hearing Recording at 7:07.)

The immigration judge continued to press the matter, again asking Petitioner's counsel to articulate the basis for her asylum claim. (Bond Hearing Recording at 10:45.) After continued discussion regarding the merits of Petitioner's asylum claim, the immigration judge stated that she would deny Petitioner's bond request, stating that there

was a "complete lack of relevant evidence to show that Respondent is not a flight risk," and that "[t]he reason for that is because your attorney is unable to articulate exactly why you cannot go back to your country." (Bond Hearing Recording at 14:37.) She went on: "Based on the limited information that he has given the Court about your case, you do not appear to be eligible for relief in the United States." (Bond Hearing Recording at 15:20.)

The repeated, express statements of the immigration judge show that she failed to apply the correct legal standard during Petitioner's bond redetermination hearing.[1] Rather than consider any of the *Guerra* factors, the immigration judge instead relied entirely upon the ultimate merits of Petitioner's asylum claim to make her determination that Petitioner was a flight risk. As such, the immigration judge's determination that Petitioner was a flight risk constituted an abuse of discretion.

### III.    Remedy

Respondents present no argument against Petitioner's request for release upon a determination by the Court that the bond redetermination hearing provided to Plaintiff on April 1, 2026, was legally inadequate. (*See* Doc. 14.) "Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004) (plurality opinion)). Release is an appropriate remedy where a court finds that an immigration judge has abused her discretion in denying a habeas petitioner's request for bond. *See, e.g., Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764 at *6 (W.D. Wash. Apr. 10, 2026); *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302 at *10 (C.D. Cal. Mar. 5, 2026). Given that Petitioner continues to be detained without the process due under § 1226(a), and the Government offers no alternative basis upon which it argues Petitioner should be detained, release pursuant to the conditions that

---

[1] In the Motion to Enforce, Petitioner also argues that her bond redetermination hearing was not before a neutral arbiter due to increased turnover among immigration judges as a whole, and the implementation of a political "immigration agenda" in the Executive Branch. (Doc. 10 at 13.) The Court need not reach this argument because the immigration judge abused her discretion by failing to apply the proper legal standard during Petitioner's bond hearing, and because Petitioner presents no evidence that the particular immigration judge who conducted her bond hearing had any impermissible motivations.

existed prior to Petitioner's detention is appropriate.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Enforce Petition for Habeas Corpus (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED** that Respondents must **immediately release** Petitioner under the conditions that existed prior to her detention. Petitioner shall not be re-detained, absent urgent circumstances or a clear legal basis for detention, without first being provided pre-deprivation notice and an opportunity to be heard in front of an immigration judge.

**IT IS FURTHER ORDERED** that Respondents shall file a notice of compliance with this Order within **two (2) days** of Petitioner's release.

Dated this 13th day of May, 2026.

_____
Honorable Rosemary Márquez
United States District Judge